United States District Court
Middle District of Florida
Jacksonville Division

**DANNY JOE STALNAKER,**

*Plaintiff,*

v.       No. 3:16-CV-1562-J-PDB

**ACTING COMMISSIONER OF SOCIAL SECURITY,**

*Defendant.*

___

**Order Granting Plaintiff's Unopposed Motion for Attorney's Fees**

Earlier in the case, the Court reversed the Acting Commissioner of Social Security's denial of Danny Joe Stalnaker's application for disability-insurance benefits and, under sentence four of 42 U.S.C. § 405(g), remanded for further proceedings. Doc. 25. He now requests, under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, an award of $4324.77 in attorney's fees. Doc. 27. The Acting Commissioner does not oppose the request. Doc. 27 at 6.

In ruling on an EAJA request, a court must decide if the requesting party is eligible and the requested attorney's fees and costs are reasonable. *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 160–61 (1990). A party is eligible if (1) he prevailed in a case against the United States, (2) he timely requested them, (3) his net worth did not exceed $2 million when he filed the case, (4) the United States' position was not substantially justified, and (5) no special circumstance would make the award unjust. *Id.* at 158; 28 U.S.C. § 2412(d)(1) & (2).

A social-security plaintiff prevails if the court orders a sentence-four remand. *Shalala v. Schaefer*, 509 U.S. 292, 300–02 (1993). An EAJA request is timely if made within 30 days of the final judgment, which, if no appeal is taken, is 90 days from the

judgment's entry. *See* 28 U.S.C. § 2412(d)(1)(B) & (d)(2)(G) ("final judgment" is judgment that is final and not appealable); Fed. R. App. P. 4(a)(1)(B) (notice of appeal must be filed within 60 days of judgment in case in which United States is party). A premature EAJA request is timely. *Myers v. Sullivan*, 916 F.2d 659, 679 n.20 (11th Cir. 1990). An EAJA request must contain an allegation that the Commissioner's position was not substantially justified, *Jean,* 496 U.S. at 160, and, if made, the Commissioner bears the burden of showing that it was, *United States v. Jones*, 125 F.3d 1418, 1425 (11th Cir. 1997). A court may deny an EAJA request based on equitable considerations. *Scarborough v. Principi*, 541 U.S. 401, 422−23 (2004).

The first four conditions are satisfied here, and, as to the fifth one, no equitable consideration is apparent or presented that would make an EAJA award unjust. Stalnaker prevailed because the Court ordered a sentence-four remand. Doc. 25 at 1. His September 27, 2017, request, Doc. 27, was timely because he made it before the judgment became final, Doc. 26. His net worth was less than $2 million when he filed the case. Doc. 3. The motion includes an allegation that the Acting Commissioner's position was not substantially justified, Doc. 27 at 4, and the Acting Commissioner has not attempted to satisfy her burden of showing otherwise. The Acting Commissioner does not contend that the case presents a special circumstance, and none is apparent. Thus, Stalnaker is eligible to receive an EAJA award, and the only remaining issue is whether the requested amount is reasonable.

The EAJA provides an attorney's fee "shall be based upon prevailing market rates for the kind and quality of the services furnished, except ... shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living [since 1996, the date of the last amendment to the amount,] or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii).

"The EAJA ... establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act."

*Sullivan*, 958 F.2d 1029, 1033 (11th Cir. 1992). "The first step ... is to determine the market rate for similar services provided by lawyers of reasonably comparable skills, experience, and reputation." *Id.* (internal quotation marks omitted). "The second step, which is needed only if the market rate is greater than [$125] per hour, is to determine whether the court should adjust the hourly fee upward from [$125] to take into account an increase in the cost of living [since 1996], or a special factor." *Id.* at 1033–34. "By allowing district courts to adjust upwardly the [$125] hourly fee cap to account for inflation, Congress undoubtedly expected that the courts would use the cost-of-living escalator to insulate EAJA fee awards from inflation …." *Id.* at 1034.

The party requesting fees must demonstrate reasonableness. *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). That burden includes "supplying the court with specific and detailed evidence." *Id.* at 1303. A court is "'itself an expert'" on reasonable rates, may consider its own "'knowledge and experience'" concerning reasonable rates, and may "'form an independent judgment either with or without the aid of witnesses as to value.'" *Id.* at 1303 (quoting *Campbell v. Green,* 112 F.2d 143, 144 (5th Cir.1940)). If there is lack of support, a court may make the award on its own experience if it provides sufficient information to allow meaningful review. *Id.* at 1303–04.

In addition to demonstrating the reasonableness of rates, a party requesting EAJA fees must show the reasonableness of the number of hours expended. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985).

Stalnaker is represented by William E. Horne, Jr., Esquire. Stalnaker provides no information on Horne's skills, experience, or reputation, or evidence to establish the prevailing rate in Jacksonville. But it is known in the legal community and by this Court, and reflected in his many appearances in social-security cases in this Court, that he has long specialized in social-security work.

3

Stalnaker requests an hourly rate of $191.25 for work performed in 2016 and $194.68 for work performed in 2017. Doc. 27 at 5. On the first step (determining the market rate for similar services provided by lawyers of reasonably comparable skills, experience, and reputation), based on the Court's own knowledge and expertise, the Court finds the market rate in Jacksonville for services provided by lawyers of comparable skills, experience, and reputation exceeds $125 an hour. On the second step (determining whether to adjust the rate upward from $125), the Court finds the increase in the cost of living from 1996 to 2016 and 2017 justifies an upward adjustment from $125 to the rates Stalnaker requests. *See* Doc. 27 at 5; Fed. Reserve Bank of Minneapolis, *CPI Calculator*, https://www.minneapolisfed.org (last visited Nov. 3, 2017).

Horne spent 22.25 hours on the case. Doc. 27 at 4. He provides a breakdown of the tasks he performed, when he performed them, and how long he took to perform them. Doc. 27 at 9–10. Work included meeting with Stalnaker and preparing a 19-page memorandum that set forth a summary of the administrative record and successful arguments, Doc. 23. *See* Doc. 27 at 9–10. None of the work appears clerical or secretarial, and none appears excludable as unnecessary. *See* Doc. 27 at 9–10. The number of hours is reasonable.

Using the number of hours and requested rates, attorney's fees of $4324.77 ($191.25 x 2 = $382.50; $194.68 x 20.25 = $3942.27; $382.50 + $3942.27 = $4324.77) are reasonable.

An EAJA award is to the party, not his attorney. *Astrue v. Ratliff*, 560 U.S. 586, 592–93 (2010). Because Stalnaker is eligible and his requested attorney's fees are reasonable, the Court grants the motion, Doc. 27, and awards him the requested attorney's fees. The Court leaves to the Acting Commissioner's discretion whether to accept Stalnaker's assignment of EAJA fees to his attorney after determining if he owes a federal debt.

## Conclusion

Therefore, the Court:

1. **grants** Stalnaker's petition, Doc. 27;

2. **awards** Stalnaker $4324.77 in attorney's fees; and

3. **directs** the clerk to enter judgment in favor of Stalnaker and against the Acting Commissioner in the amount of $4324.77 in attorney's fees.

**Ordered** in Jacksonville, Florida, on November 3, 2017.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c: Counsel of Record