United States District Court
Middle District of Florida
Jacksonville Division

**DANNY JOE STALNAKER,**

    *Plaintiff,*

v.                                                                                  NO. 3:16-CV-1562-J-PDB

**COMMISSIONER OF SOCIAL SECURITY,**

    *Defendant.*

---

# Order

Danny Stalnaker's lawyer, William Horne, moves under 42 U.S.C. § 406(b) for authorization to charge $9254 in fees for Horne's successful representation of Stalnaker in this action. Doc. 30. The Commissioner of Social Security has no opposition. Doc. 30 at 8.

## Background

After finding Stalnaker disabled as of March 1, 2011, Tr. 12, 138, the Social Security Administration decided he was no longer disabled as of October 1, 2014. Tr. 127, 128, 159.

Stalnaker challenged the decision. Doc. 1. He and Horne entered into a standard contingent-fee agreement under which Horne agreed to represent Stalnaker, and Stalnaker agreed to pay Horne 25 percent of any past-due benefits awarded to Stalnaker and his family. Doc. 27 at 15; Doc. 30 at 4.

For Stalnaker, Horne drafted and filed a complaint, Doc. 1, and a brief arguing why the decision was wrong, Doc. 23. The Commissioner moved to vacate the decision

and remand the case for further evaluation. Doc. 24. The Court granted the motion, Doc. 25, and a later request for fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), and awarded Horne $4324.77 in attorney's fees based on 22.25 hours of work, Doc. 28.

On remand, the Social Security Administration issued notices advising Stalnaker and his son they were entitled to past-due benefits. Doc. 30 at 3–4. The first notice advised Stalnaker was entitled to $57,096 in past-due benefits. Doc. 30 at 3, 10–14. The SSA set aside $14,274 for attorney's fees. Doc. 30 at 3, 12–13. The second notice advised his son he was entitled to $3920 in past-due child's benefits. Doc. 30 at 4, 15–18. The Social Security Administration stated it had mistakenly released $980 for attorney's fees it should have set aside. Doc. 30 at 4, 17. The current motion, Doc. 30, followed.[1]

## Law & Analysis

For representation during court proceedings, 42 U.S.C. § 406(b) provides that an attorney who obtains remand may seek fees, and the court, as part of its judgment, may allow reasonable fees that do not exceed 25 percent of past-due benefits. *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1275–77 (11th Cir. 2006). The fees are from the past-due benefits. 42 U.S.C. § 406(b)(1)(A).

Separately, under the EAJA, 28 U.S.C. § 2412(d), a court must order the United States to pay fees to a party who prevails against the United States, including in a social-security case, unless the United States' position was substantially justified

---

[1]Under the Court's standing order, counsel must request fees "not later than thirty (30) days" after the SSA sends a letter "to the plaintiff's counsel of record at the conclusion of the Agency's past-due benefit calculation stating the amount withheld for attorney's fees." *In re: Procedures for Filing for Applying for Attorney's Fees under 42 U.S.C. §§ 406(b) and 1383(d)(2)*, 6:12-mc-124-orl-22 (Nov. 14, 2012).

Here, the SSA sent the notices on May 13, 2020. The current motion, filed on June 3, 2020, is timely.

or special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The fees are based on the attorney's hours and rate, capped at $125 per hour, unless a special circumstance justifies more. 28 U.S.C. § 2412(d)(2)(A).

An attorney may obtain fees under both § 406(b) and the EAJA but must refund the lesser fees to the claimant. *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1274 (11th Cir. 2010).

In evaluating an attorney's request for authorization to charge § 406(b) fees based on a contingent-fee arrangement, a court must follow the framework in *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002). A court reversibly errs by instead employing the lodestar method. *Gossett v. Soc. Sec. Admin., Comm'r*, No. 19-13922, 2020 WL 2043429, at *3 (11th Cir. Apr. 28, 2020) (unpublished).

In *Gisbrecht*, the Supreme Court endorsed the use of contingent-fee arrangements in social-security cases but cautioned that § 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." 535 U.S. at 807. The Court explained, "Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved." *Id.* at 808. A downward adjustment "is in order," the Court continued, if the representation was substandard, the attorney was responsible for delay that increased past-due benefits, or the "benefits are large in comparison to the amount of time counsel spent on the case," thereby creating a windfall to the attorney. *Id.*

*Gisbrecht* requires a claimant's attorney to show the requested fee "is reasonable for the services rendered." *Id.* at 807. In assessing reasonableness, "the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant

3

and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." *Id.* at 808.

After *Gisbrecht*, to assess the reasonableness of requested fees, courts have also considered the risk of litigation loss, the difficulty of the case, the attorney's experience, the percentage of past-due benefits that the requested fees would consume, the value of the case to the claimant, and the claimant's consent to the requested fee. *Jeter v. Astrue*, 622 F.3d 371, 382 (5th Cir. 2010).

Here, the contingent-fee agreement contemplates fees of $15,254 (25 percent of $61,016, which is the total of past-due benefits). Horne seeks $9254 (25 percent of past-due benefits minus $6000). Doc. 30 at 7. Horne acknowledges he must refund the EAJA amount ($4324.77) to Stalnaker if the § 406(b) amount is higher. Doc. 30 at 7.

To satisfy his burden of establishing the requested fees are reasonable, Horne observes that he secured a favorable result in a case involving eight years of medical records, that the Commissioner recognized Stalnaker's disability is "continuing," and that the Court previously determined the 22.25 hours Horne spent on the case were reasonable. Doc. 30 at 5. Horne argues $9254 is not a windfall. Doc. 30 at 6.

Considering Horne's observations, the requested fees are reasonable. The Court is mindful of *Gisbrecht*'s instruction that a downward adjustment is in order if the benefits are large compared to the time spent on the case. *See Gisbrecht*, 535 U.S. at 808. But considering the substantial risk of no award, that Stalnaker's success may be attributed to Horne's skills and experience, and that Horne is seeking less than the contractual and statutorily authorized amount, it is appropriate for him to "reap the benefit of [his] work." *See Jeter*, 622 F.3d at 380–81 (quoted).

4

## Conclusion

The Court **grants** the motion, Doc. 30. Horne is authorized to charge Stalnaker $9254 out of past-due benefits. Horne must refund Stalnaker $4324.77. The clerk is **directed** to enter judgment accordingly and close the file.

**Ordered** in Jacksonville, Florida, on July 1, 2020.

_____
PATRICIA D. BARKSDALE
United States Magistrate Judge

c:      Counsel of Record